# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**Civil Case Number:** _____

Tiara White,

                Plaintiff,

vs.

Global Trust Management LLC,

                Defendant.

## COMPLAINT

For this Complaint, the Plaintiff, Tiara White, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA") in its illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Tiara White ("Plaintiff"), is an adult individual residing in Lady Lake, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and 559.55(2).

5. The Defendant, Global Trust Management LLC ("Global"), is a Florida business entity with an address of 5840 West Cypress Street, Tampa, Florida 33607, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "creditor" as defined in 559.55(3).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Global for collection, or Global was employed by the Creditor to collect the Debt.

9. Global attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Global Engaged in Harassment and Abusive Tactics

10. Within the last year, Global contacted Plaintiff's mother in an attempt to collect the Debt.

11. Plaintiff's mother informed Global that she did not recognize the Debt.

12. Global informed Plaintiff's mother the account was opened by Plaintiff and threatened to charge Plaintiff with fraud.

13. After speaking with Plaintiff's mother, Global contacted Plaintiff and reiterated its threat to charge Plaintiff with fraud and have Plaintiff put in jail.

14. Thereafter, Plaintiff contacted Global and requested to speak with a supervisor.

15. The representative Plaintiff spoke stated that if Plaintiff agreed to set up an immediate payment plan, then Global would stop the fraud investigation and would not press charges.

C. **Plaintiff Suffered Actual Damages**

16. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

18. The Plaintiff incorporates by reference Paragraphs 1 through 17 of this Complaint as though fully stated herein.

19. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

20. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

21. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character, amount and legal status of the debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened the Plaintiff with imprisonment if the debt was not paid.

23. The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take action that could not legally be taken or that was not intended to be taken.

24. The Defendant's conduct violated 15 U.S.C. § 1692e(7) in that Defendant falsely misrepresented that the Plaintiff had committed a crime, in order to disgrace the Plaintiff.

25. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

26. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

27. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. §§ 559.55-559.785

29. The Plaintiff incorporates by reference Paragraphs 1 through 17 of this Complaint as though fully stated herein.

30. The Defendant willfully communicated with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(7).

31. The Defendant claimed, attempted, or threatened to enforce a debt when such person knew that the debt was not legitimate or asserted the existence of some other legal right

when such person knew that the right did not exist, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(9).

32. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat.§ 559.77;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and Fla. Stat.§ 559.77;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77;

4. Punitive damages pursuant to Fla. Stat. § 559.77; and

5. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 2, 2020

Respectfully submitted,

By   */s/ Matthew Fornaro*

Matthew Fornaro, Esq.
Florida Bar No. 0650641
11555 Heron Bay Boulevard, Suite 200
Coral Springs, FL 33076
Telephone: (954) 324-3651
Facsimile: (954) 248-2099
E-mail: mfornaro@fornarolegal.com

Lemberg Law, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
 Facsimile:  (203) 653-3424